

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-71,401-01 & WR-71,401-02

### EX PARTE JUAN RAUL NAVARRO RAMIREZ

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. CR-0551-04-G(1) IN THE 370TH JUDICIAL DISTRICT COURT
### HIDALGO COUNTY

*Per curiam.* ALCALA, J., filed a concurring statement.

### O R D E R

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.

In December 2004, a jury convicted Applicant of two counts of capital murder. The jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal Procedure, and the trial court sentenced appellant to death for each count. On direct appeal, this Court affirmed the trial court's judgment and sentence of death for Count One. *Ramirez v. State,* No. AP-75,167 (Tex. Crim. App. December 12, 2007). This Court reversed Applicant's capital-murder conviction in Count Two on the grounds of double jeopardy and

vacated the judgment on that count. *Id.*

Applicant presents nineteen allegations in his application in which he challenges the validity of his conviction and resulting sentence. The trial court held an evidentiary hearing and entered findings of fact and conclusions of law. The trial court recommended that relief be denied.

This Court has reviewed the record with respect to the allegations made by Applicant. We adopt the trial judge's findings and conclusions.[1] We dismiss Claims Two, Three, Four, and Fourteen because Applicant has waived those claims. Based upon the trial court's findings and conclusions and our own review, we deny the remaining claims.

This Court has also reviewed Applicant's "Amended Initial Application for a Writ of Habeas Corpus." Because this document was filed in the trial court after the deadline provided for the filing of an initial application for habeas corpus, and because Applicant attempts to raise new claims within this document, we find it to be a subsequent application. *See* Art. 11.071. We further find that this subsequent application fails to meet any of the exceptions provided for in Article 11.071, § 5. Therefore, Applicant's subsequent application is dismissed as an abuse of the writ.

IT IS SO ORDERED THIS THE 14TH DAY OF OCTOBER, 2015.

Do Not Publish

---

[1] Applicant points out in his objections to the trial court's findings and conclusions that there are multiple occasions when Dr. Gilbert Martinez is referred to as "Dr. Ramirez" and Judge Noe Gonzalez is referred to as "Judge Ramirez." Although these are typographical errors, it is apparent from the context what was being discussed.